IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| ISMAEL RICO, | § | |
| --- | --- | --- |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-048-A |
| | § | (NO. 4:15-CR-152-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ismael Rico ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:15-CR-152-A, styled "United States of America v. Eric Summers, et al.," the court has concluded that the motion should be denied.

I.

Background

On June 10, 2015, movant was named, along with others, in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 14. On August 14, 2015, movant

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

appeared for rearraignment, pleading guilty to the count of the indictment without benefit of a plea agreement. CR Doc. 147. Movant signed a factual resume setting forth the penalties he faced, the elements of the offense, and the stipulated facts that established his guilt. CR Doc. 148. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 369.

The PSR stated that movant's base offense level was 38 to which three two-level enhancements were added for possession of firearms, importation of methamphetamine from Mexico, and maintaining a premises for drug distribution. CR Doc. 175, ¶¶ 40-

---

[1](...continued)
criminal case, No. 4:15-CR-152-A.

43. The PSR recommended that movant receive a three-level reduction for acceptance of responsibility. Id., ¶¶ 49-50. Based on a total offense level of 41 and a criminal history category of III, the guideline imprisonment range was 360 months to life; however the statutory maximum sentence was 40 years. Id., ¶¶ 104-05. Movant filed a number of objections to the PSR. CR Doc. 389. These objections were addressed in the addendum to the PSR. CR Doc. 195. Movant again objected. CR Doc. 390. The court, by order signed January 15, 2016, notified the parties that it had tentatively concluded that the objections (except as accepted by the probation officer) were without merit. CR Doc. 258.

Movant appeared for sentencing on February 19, 2016. CR Doc. 370. The court first considered movant's objections to the PSR and determined that they were without merit and overruled them. Id. at 5-13. The court also ruled that movant was not entitled to acceptance of responsibility. Id. at 13-14. The court sentenced movant to a term of imprisonment of 400 months. Id. at 21; CR Doc. 339.

Movant appealed. CR Doc. 343. His sentence was affirmed. United States v. Rico, 864 F.3d 381 (5th Cir. 2017). His petition for writ of certiorari was denied. Rico v. United States, 138 S. Ct. 487 (2017).

II.

## Grounds of the Motion

Movant raises three grounds in support of his motion, worded as follows:

> GROUND ONE: Counsel was ineffective for waiving the objection to the 2 level enhancement for imported methamphetamine.
>
> GROUND TWO: Ineffective assistance of counsel during the plea bargaining stage
>
> GROUND THREE: Counsel was ineffective for not arguing that the Government breached the plea agreement.

Doc.[2] 1 at 6.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2]The "Doc.___" reference is to the number of the item on the docket in this action.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

5

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, that counsel was ineffective for waiving the objection to the two-level enhancement for imported methamphetamine, movant alleges:

> In his objections to the PSR Petitioner contested that the methamphetamine was imported from Mexico. By his written objections, Petitioner essentially made two arguments: (1) he did not know the origin of the Meth, and (2) the information contained in the PSR was insufficient to support the enhancement because it was unreliable. Prior to the sentencing hearing, the district court entered an order tentatively concluding that Rico's objections were without merit. The district court stated that it was "advising the parties of such tentative conclusion so that it can be taken into account by the parties in determining what presentations to make at the sentencing hearing." At the sentencing hearing the Court asked Counsel if he still wanted to pursue any of those "those objections" [sic]. Counsel responded in the affirmative, but chose to pursue some, but not all, of the objections. Counsel stated that as to the importation enhancement, "that's a legal objection as to the standard used by the Fifth Circuit". This exchange shows that although Counsel knew of the objectin [sic], he conscouisly [sic] decided to forgo [sic] that objection. Accordingly Cousel [sic] waived a meritorious objection and prevented Petitioner from being able to raise this issue on appeal. Petitioner was prejudice [sic] by Counsel's actions as his sentence was increase [sic] based on this mistake.

Doc. 1 at 6.

These allegations are simply insufficient to show a substantial likelihood that the outcome of the sentencing or appeal would have been different had counsel persisted in the

7

objection. <u>Cullen</u>, 563 U.S. at 189. In any event, knowledge of the origin of the methamphetamine is not a requirement for imposition of the enhancement; thus, this ground would have had no merit. See <u>Rico</u>, 864 F.3d at 384; <u>United States v. Fields</u>, 565 F.3d 290, 294 (5th Cir. 2009)(counsel is not ineffective for failing to raise a ground that has been repeatedly rejected). And, an argument that the information contained in the PSR was insufficient to support the enhancement would likewise have been without merit. The same statements and sources in the PSR regarding importation from Mexico supported the enhancement for drug premises, which were found to be sufficiently reliable. <u>Id.</u> at 384-86; CR Docs. 175 & 195.

In support of his second ground, movant alleges:

> Counsel was ineffective for advising Petitioner to sign a plea agreement that contained false and inaccurate information in the factual resume. Petitioner was prejudice[d] because his sentence was enhanced based on this information. For example, the factual resume was used to support a two level enhancement under 2D1.1(b)(12), and the drug qquantity [sic] finding.

Doc. 1 at 6. As the government notes, movant did not sign, much less enter into, a plea agreement in this case. CR Doc. 369 at 29. Movant stated under oath in open court that he did not have any deal or understanding or agreement with the government and that no one had made any promise or assurance or to induce him to plead guilty. <u>Id.</u> Moreover, no one had mentally, physically, or

8

otherwise coerced him into pleading guilty. Id. Further, in any event, movant has not explained what was false and inaccurate about the factual resume, assuming that is the agreement he references. His conclusory allegations are insufficient to raise a constitutional issue. Miller, 200 F.3d at 282.

In his final ground, movant again relies on the contention that he and the government signed a written plea agreement. In addition, he says that the government made an oral and written promise that movant would get a total of three points' reduction for acceptance of responsibility. Doc. 1 at 6. The contention is belied by the record. CR Doc. 369 at 29. Movant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not come close to meeting this burden. See United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006)(requiring independent and reliable evidence to support such a ground). Finally, and in any event, as the government

notes, it never argued that movant should not receive the reduction for acceptance of responsibility. Doc. 6 at 10-11.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 20, 2018.

_____
JOHN McBRYDE
United States District Judge